(63 Misc. Rep. 16.)

In re WILLCOX et al., Public Service Com'rs.

(Supreme Court, Special Term, New York County. April 17, 1909.)

1. EMINENT DOMAIN (§ 174*)—STREET RAILROADS—ACQUISITION OF RIGHT OF RIGHT OF WAY—CLAIMS FOR COMPENSATION—CONSTRUCTION OF RAPID TRANSIT ACT.

The rapid transit act (Laws 1891, p. 3, c. 4) requires claims for compensation to be presented to the commissioners of appraisal within six months after their appointment, and provides that the failure to present a claim within that time shall be deemed a surrender of any claim to compensation, except so far as the claimant may be entitled to the whole or a part of the amount awarded by the commissioners as compensation for property owned by the claimant or in which he is interested. *Held* that, as the proceeding by the commissioners was intended to be summary, the time limit should be strictly construed; and a lessee of property alleged to have been damaged by construction of a rapid transit extension, who did not present his claim within the prescribed period, was preclud-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed from recovery, and the reasons offered in extenuation of his failure to file his claim in time could not be considered even under Code Civ. Proc. § 724, allowing a court to relieve a person from a judgment taken against him through mistake, excusable neglect, etc., within a year after notice thereof, especially as that section cannot be availed of where limitation is involved.

[Ed. Note.—For other cases, see Eminent Domain, Cent, Dig. §§ 475, 476; Dec. Dig. § 174.*]

2. EMINENT DOMAIN (§ 174*)—STREET RAILROADS—ACQUISITION OF RIGHT OF WAY—CLAIMS FOR COMPENSATION—CONSTRUCTION OF RAPID TRANSIT ACT.
  The exception in the provision for filing claims does not extend the time limit for filing claims, but merely protects the real party to an award where he has not filed notice of claim in time, and does not apply to a person to whom no award was made.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 784; Dec. Dig. § 174.*]

Application by William R. Willcox and others, as Public Service Commissioners, for appointment of Commissioners of Appraisal pursuant to the rapid transit act (Laws 1891, p. 3, c. 4) and amendatory acts. On petition of Adolph Le Moult to compel the Commissioners of Appraisal to receive a claim for damages. Denied.

I. T. Flatto, for petitioner.
Joseph A. Flannery, for Elizabeth K. Lorillard.
Francis K. Pendleton, Corp. Counsel.

DAYTON, J. Application for an order directing the public service commission to receive on behalf of Adolph Le Moult, lessee, notice of claim and evidence of damage to leasehold premises on Delancey street rapid transit extension, between Bowery and Elizabeth streets, borough of Manhattan. The rapid transit act (Laws 1891, p. 3, c. 4) provides that claims for compensation "shall within six months after the appointment of the commissioners of appraisal" be exhibited to the commissioners, who shall hear testimony. "Every person neglecting or refusing to present such claim within said time shall be deemed to have surrendered his claim for such compensation, except so far as he may be entitled, as such owner or person interested, to the whole or a part of the sum of money awarded by the commissioners of appraisal as just compensation for taking or extinguishing the property owned by said person, or in which said person is interested."

The lease in question was received in evidence by the commissioners on the hearing of the claim of the owner of the fee within the six-months period, which period expired November 24, 1908. Le Moult did not appear until February 25, 1909, on which day he offered to present his notice of claim. The city objected. The commission took the question under advisement, and on March 4, 1909, decided that the "claim is presented too late." The city contends that Le Moult's remedy, if he has any, is by mandamus, on the ground that this court has no power at common law or under section 724 of the Code of Civil Procedure or the rapid transit act, or any statute of the state, to grant an order of the nature asked for. This may or may not be so, but the motion can be disposed of without determining that preliminary ob-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jection. The constitutionality of the rapid transit act is conceded by petitioner's counsel. The weight of authority sustains such limitations of time as in the rapid transit act above quoted, and therefore the reasons offered by the petitioner in extenuation of his failure to file his claim within that limit may not be considered, even under section 724, Code Civ. Proc., which, in any aspect, cannot be availed of where a statute of limitations is at law. Petitioner's counsel urges that the exception in the quoted provision of the rapid transit act entitles him to relief, but that provision only protects the real party to an award made in the event that he has neglected to file notice of claim within the time limit; doubtless meaning an award to unknown owners. This exception is not an extension of the time limit for filing claims. This strict construction is necessary to carry out the evident intent of the statute to make this proceeding somewhat summary. As above stated, the commission has before it Le Moult's lease. It may of its own motion place a value upon it, but, whether or not that be done, it is not for me to say on this application that Le Moult is remediless against the owner of the fee after the award is made.

Motion denied. No costs.